■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EUGENE LYNCH, Appellant, v. JOHN T. DEEGAN, as Warden of Sing Sing Prison, Respondent.— Judgment of the Supreme Court, Westchester County, dated June 22, 1967, affirmed, without costs. No opinion. Beldock, P. J., Munder and Martuscello, JJ., concur; Brennan and Hopkins, JJ., concur but under constraint, since they adhere to their dissents in *People ex rel. Gallagher* v. *Follette* (27 A D 2d 664) and *People ex rel. Butler* v. *Fay* (27 A D 2d 663).

■ FREDDIE C. SWINSON, Respondent, v. CALVIN R. SWINSON, Appellant. — Order of the Supreme Court, Kings County, dated September 12, 1967, modified, on the law and the facts, by (1) striking out the first three decretal paragraphs directing defendant to pay temporary alimony and counsel fees and (2) adding a decretal paragraph providing that plaintiff's motion insofar as it is for temporary alimony and a counsel fee is referred to the trial court for determination upon the proof adduced at the trial, which determination may make appropriate allowance *nunc pro tunc* as of the return day of the original motion. As so modified, order affirmed, without costs. Before a wife may be granted alimony *pendente lite* and counsel fees there must be, *inter alia,* proof that she is unable to support herself from her own funds while the action is pending (*Kaplan* v. *Kaplan,* 25 A D 2d 563, and cases cited therein). At bar it appears that plaintiff is employed as a schoolteacher and earns approximately $9,000 per annum. In her moving papers she failed to itemize her assets or expenses and failed in any manner to establish that she was unable to support herself during the pendency of this separation action by use of her own moneys. We have recently stated that applications for temporary alimony should not be made or encouraged unless there is genuine necessity (*Light* v. *Light,* 29 A D 2d 540; *Katzman* v. *Katzman,* 28 A D 2d 1134). On the papers before us no "necessity" has been demonstrated. If warranted by the proof, the trial court may make an appropriate allowance *nunc pro tunc* as of the return day of the original motion for alimony *pendente lite* (*Margel* v. *Margel,* 22 A D 2d 919). The decision upon this appeal is without prejudice to any such determination. The action should proceed to trial promptly. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.